**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER

Appellate case name:     Pine Valley Home Buyers Association v. Pine Valley Development
                         Co.

Appellate case number:   01-12-00014-CV

Trial court case number: 2005-42899

Trial court:             157th District Court of Harris County

Appellant has filed a fourth motion for extension of time to file appellant's brief, arguing that the trial court clerk is preparing a supplemental clerk's record which includes documents "vital to the Appellants' [sic] brief." We deny the motion.

The clerk's record was originally due on January 14, 2012, but it was not timely filed because appellant failed to pay the trial court clerk's fee for preparing the record. On November 1, 2012, after notifying appellant that the case could be dismissed based upon appellant's failure to pay for the record, we dismissed this appeal. Appellant then paid for the record, which the trial court clerk filed on November 19, 2012. After the clerk filed the record, appellant filed a motion to reinstate the appeal, which we granted. We further ordered appellant's brief be filed by January 28, 2013.

On January 28, 2013, appellant filed a motion for extension of time to file its brief, which we granted. Appellant then filed two additional motions for extension of time, on February 27, 2013 and March 28, 2013, arguing that appellant would file its brief "as soon as practicable after" the trial court clerk filed a supplemental clerk's record. We granted both motions.

Appellant has now moved for a fourth extension, once again arguing that additional time is necessary because the trial court clerk has not yet filed a supplemental clerk's record. Appellant, however, represented to this Court in its motion to reinstate that they had paid the fees for the complete clerk's record. The amount of fees appellant informed us that it had paid corresponds to the fees assessed for preparation of the clerk's record that was filed on November 19, 2012. Therefore, according to appellant, the record was complete when filed in November. As a result, the deadline for filing appellant's brief was set based upon the date the record was filed and, although appellant is entitled to supplement the record, any supplementation of the record does not extend the deadline for filing appellant's brief. *See* TEX. R. APP. P. 34.5(a), (c)(1), (3), 35.3(a)(2), 38.6(a).

Accordingly, we DENY appellant's motion for extension.

Further, this order will serve as notice to appellant that the Court may

(1) dismiss the appeal for want of prosecution, unless appellant provides a reasonable explanation for the failure to timely file a brief and the Court concludes that appellee is not significantly injured by appellant's failure to timely file a brief;

(2) decline to dismiss the appeal and give further direction to the case as it considers proper, or

(3) if an appellee's brief is filed, the Court may regard that brief as correctly presenting the case and may affirm the trial court's judgment upon that brief without examining the record.

*See* TEX. R. APP. P. 10.5(b)(1), 38.6(d), 38.8(a).

Appellant must file a brief no later than 33 days from the date of this order. If appellant fails to timely comply, the Court may dismiss this appeal for want of prosecution without further notice. *See* TEX. R. APP. P. 42.3(b).

Appellee may file a response to this order to address any significant injury incurred by appellant's failure to timely file a brief. *See* TEX. R. APP. P. 38.8(a). Appellee's response, if any, must be filed by the deadline given above.

It is so ORDERED.

Judge's signature: /s/ Jim Sharp
X Acting individually    ☐ Acting for the Court

Date: May 15, 2013